**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | )  Case No.: 1:12-cv-00540 - LJO - JLT<br>)<br>)  FINDINGS AND RECOMMENDATIONS<br>)  DENYING PLAINTIFF'S MOTION TO PROCEED<br>)  IN FORMA PAUPERIS AND DISMISSING THE<br>)  COMPLAINT WITHOUT LEAVE TO AMEND<br>)<br>)  (Docs. 1, 2, 5)<br>) |

John Frederick Wheeler ("Plaintiff") commenced this action on April 19, 2012 by filing a motion to file a complaint and a complaint against the United States for violations of his civil rights. (Docs. 1-2). On April 27, 2012, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 5). Plaintiff's motion to file the complaint is **GRANTED**. However, for the following reasons, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.     MOTION TO PROCEED IN FORMA PAUPERIS**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if

1

1  leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d
2  1178, 1177 (9th Cir. 1999).

3  The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of
4  privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to
5  due process."  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314
6  F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to
7  proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*.  In
8  making a determination, the court "must be careful to avoid construing the statute so narrowly that a
9  litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or
10 foregoing life's plain necessities."  *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

11 Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed
12 below, Plaintiff's complaint fails to state a meritorious claim upon which relief may be granted.[1]  *See*
13 28 U.S.C.§ 1915(e)(2).

14 **II.    SCREENING REQUIREMENT**

15 When an individual seeks to proceed *in forma pauperis*, the Court is required to review the
16 complaint and identify "cognizable claims."  *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a
17 complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which
18 relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."
19 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the
20 level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
21 available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

---

[1] Previously, Plaintiff has filed a number of non-meritorious lawsuits in this district.  *See, e.g., Wheeler v. Payless Towing*, No. 1:09-cv-1829-LJO-SMS, 2010 U.S. Dist. LEXIS 1684 (E.D. Cal. Jan. 11, 2010) (dismissed for failure to state a claim); *Wheeler v. Healthy Smiles*, No. 1:09-cv-1772-OWW-SKO, 2010 U.S. Dist. LEXIS 125232 (dismissed with prejudice for failure to state a claim upon which relief could be granted and failure to obey the court's order); *Wheeler v. United States,* No. 1:11-cv-1045-LJO-JLT, 2011 U.S. Dist. LEXIS 85366 (E.D. Cal. Aug. 3, 2011) (dismissed for lack of jurisdiction); *Wheeler v. Bakersfield City*, No. 1:11-cv-1832-LJO-JLT, 2011 U.S. Dist. LEXIS 141203 (E.D. Cal. Dec. 8, 2011) (dismissed with prejudice as barred by the doctrine of res judicata); *Wheeler v. Bank of America*, No. 1:11-cv-1270-LJO-JLT, 2012 U.S. Dist. LEXIS 8522 (E.D. Cal. Jan. 25, 2012) (dismissed with prejudice for failure to state a claim); *Wheeler v. Silver Chair*, No. 1:12-cv-0260-LJO-JLT, 2012 U.S. Dist. LEXIS 32851 (E.D. Cal. Mar. 12, 2012) (motion to proceed IFP denied, and complaint dismissed without leave to amend for failure to state a claim).  **Consequently, Plaintiff has been warned– and is here warned again– that repeated filing of cases lacking merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions be imposed**.  *See De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990).

### III. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

///

## IV. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on or about January 27, 2012, he went to Clinica Sierra Vista[2] without an appointment for treatment. When he arrived, he was told there was only one doctor because the other doctor was sick so the only chance to be treated was if a patient failed to appear for his appointment. (Doc. 1 at 5). According to Plaintiff, the same thing happened on or about February 14, 2012, when he again sought medical treatment at Clinica Sierra Vista. *Id.* Each time, the staff suggested he go to an urgent care center for treatment. *Id.* at 6. Plaintiff admits that the urgent care center was only five blocks from his home but he found the urgent care center to be "inconvenient" because Clinica Sierra Vista is even closer to his house. *Id.*

On February 18, 2012, Plaintiff went to an appointment at Clinica Sierra Vista. (Doc. 1 at 7). Plaintiff alleges his appointment was set for 5:30 p.m., and when he arrived at about 4:35, there were "several or a few" Hispanic patients in the waiting room. *Id.* Plaintiff contends several Latinos were called back to see a doctor before Plaintiff saw his physician, including a boy and man who arrived at 5:20 and were called back at 6:00 p.m. *Id.* Plaintiff asserts he was called back to the doctor at about 6:25 p.m. *Id.*

Plaintiff complains that because of the time it took to complete his examination and the time it took for the doctor to write his prescription, he had an inadequate amount of time to travel to his preferred pharmacy before it closed. (Doc. 1 at 8) As a result, he had to wait until the morning to obtain his prescription for antibiotics to address his chest congestion. *Id.* He asserts that had he not been forced to wait for 55 minutes after his appointed time, he would have received his medication sooner. *Id.*

According to Plaintiff, "he is being discriminated against because of his race, and the denial of his right to see a doctor is a denial of his rights to access [] public facilities." (Doc. 1 at 5). Plaintiff contends the majority of the staff at Clinica Sierra Vista is Latino, and each time Plaintiff goes there, "it seems like they take [Latinos] back to see a doctor before they take him." *Id.* Therefore, Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983 and discrimination in public accommodations under 42

---

[2] Notably, Clinca Sierra Vista provides no-cost and low-cost medical care to indigents.

4

U.S.C. §§ 2000a, et seq. *Id.* at 2. In addition, Plaintiff alleges medical malpractice by physicians at Clinica Sierra Vista. *Id.* at 8.

## V.     DISCUSSION AND ANALYSIS

### A.     Plaintiff has failed to comply with the Federal Tort Claims Act

Previously, this Court has recognized Clinica Sierra Vista is a federally funded healthcare facility, and the Court has jurisdiction over any tort claims alleged pursuant to 28 U.S.C. § 1346(b). *See Acuna v. County of Kern*, 2010 U.S. Dist. LEXIS 59214, at *2 (E.D. Cal. June 15, 2010). Because Clinica Sierra Vista is a federally funded medical clinic, the proper defendant in the action is the United States. *See id*.

The Federal Tort Claims Act ("FTCA") is the exclusive remedy against the United States for personal injuries "resulting from the performance of medical, surgical, dental, or related functions ... by any commissioned officer or employee of the Public Health Service ..." 42 U.S.C. § 233(a). Significantly, the FTCA's coverage extends to entities deemed Public Health Service employees, such as federally supported medical clinics. 42 U.S.C. § 233(a). Accordingly, Plaintiff is required to comply with the FTCA to state a claim for medical malpractice.

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deem denied, may a claimant file an action in federal court. *Id.* "The purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts.'" *Brady v. United States*, 2011 F.3d 499, 503 (9th Cir. 2000) (quoting *Jerves v. United States*, 966 F.2d 517, 520 (9th Cir. 1992)). Further, exhaustion of administrative remedies is jurisdictional, and cannot be waived. *Id.* at 502; *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly."). The FTCA provides,

> An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the

claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Here, Plaintiff alleges he complied with the FTCA because he "lodged a complaint with Kern Family Health Care against Clinica Sierra Vista" on February 14, 2012. (Doc. 1 at 3). Notably, however, a majority of the factual allegations related to Plaintiff's complaints for medical malpractice and failure to receive treatment, occur on February 18, 2012—after Plaintiff allegedly submitted his FTCA claim. Thus, the FTCA is unexhausted as to the alleged events that occurred on February 18, 2012. Therefore, Plaintiff has not demonstrated compliance with the FTCA related to the events occurring after February 14, 2012.

### B. Medical Malpractice

Even if Plaintiff had complied with the FTCA, he fails to state a cognizable claim for medical malpractice. Under California law, the elements of a medical malpractice claim include: The elements of a medical malpractice claim in California include: "(1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Hernandez ex rel. Telles-Hernandez v. United States*, 665 F.Supp.2d 1064, 1076 (N.D. Cal. 2009) (citing *Hanson v. Grode*, 76 Cal.App.4th 601, 606 (1999)).

Here, Plaintiff has not alleged physicians failed to use the skills or diligence as commonly exercised in the profession, a breach of a duty, negligent conduct, or a resulting injury. Indeed, at both of Plaintiff's visits on January 27, 2012 and February 14, 2012, Plaintiff was told that he could not be seen without an appointment given that the clinic was short a doctor due to illness. (Doc. 1 at 5-6) He was told he could wait to see if a patient failed to appear for a scheduled appointment but he was encouraged to go to the urgent care center where he could obtain immediate treatment. *Id*. Though it was located only five blocks from his home, he refused to go the urgent care center because it was "inconvenient." *Id*. There is nothing about these events that provide even a bare inference of medical malpractice.

On the other hand, though he was required to wait 55 minutes beyond his appointed time to see a doctor on February 18, 2012, delays such as this are common for every patient. This is one of life's

inconveniences that every person experiences in daily life.[3]  Indeed, delays in receiving medical treatment at doctors' offices and emergency rooms, though irritating, are quite routine and typical for any patient—no matter the patient's race or ability to pay—and are not evidence of unlawful conduct.

> Delays of longer than two hours, particularly for conditions that are not life-threatening, are almost routinely experienced in emergency rooms across the country. *See Gibson v. Woodford,* No. 1:06–cv–1805–BLW–MHW, 2010 WL 596228, at * 4 (E.D.Cal. Feb.16, 2010) (delays of over an hour for medical care "are often encountered in emergency rooms across the country under comparable circumstances" and such delay does not rise to the level of constitutional violation). Delays in receiving treatment for injuries such as Plaintiff's are routine to the extent that, even if medical treatment were immediately sought, others who suffer from injuries similar to Plaintiff's can expect to experience lengthy delays in treatment in an emergency room.

*Cramer v. Target Corp.*, 1:08-CV-01693-SKO, 2011 WL 5873401 (E.D. Cal. Nov. 22, 2011) reconsideration denied, 1:08-CV-01693-SKO, 2011 WL 6130821 (E.D. Cal. Dec. 8, 2011).  Plaintiff complains that the delay could have caused him to suffer a heart attack due to the fact that he has congestive heart failure also.  However, Plaintiff admits that he sought treatment at Memorial Hospital on February 14, 2012, after being refused at Clinica Sierra Vista.  Thus, any risk posed to the inability to be treated at Clinica Sierra Vista before February 18, 2012, was ameliorated by this treatment. Moreover, the suggestion that the 55 minute delay on February 18, 2012, placed him in peril, is plainly ludicrous and is a conclusion without factual support.

In *Ashcroft v. Iqbal*, 129 S.Ct. at 1949, (2009), the Court observed,

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Citation].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [Citation].

The Court further clarified that,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable**

---

[3] Plaintiff has been warned repeatedly about continuing to file frivolous lawsuits. Indeed, in *Wheeler v. Patel*, case number 1:12-cv-00446 AWI JLT at n. 2, Plaintiff was admonished:
> Plaintiff has been advised, repeatedly, that not every personal slight imposed by others in the course of his day, rises to the level of actionable conduct . . . Plaintiff's repeated attempts to vindicate every perceived insult, belittles the work of this Court and wastes its very limited resources and, more importantly, it forces the Court to spend time on his frivolous claims while setting aside claims that actually raise federal court questions.

7

**inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"**

*Id.*, emphasis added. The *Iqbal* Court instructed, "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Accordingly, the Court recommends Plaintiff's claim for medical malpractice be **DISMISSED**.

### C. Doctrine of Res Judicata

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Thus, a claimant may not seek to re-litigate claims decided previously on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). In addition, res judicata "precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The doctrine is applicable "whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citation omitted). Notably, "[i]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised." *Arizona v. California*, 530 U.S. 392, 416 (2000). Here, because the Court has evaluated Plaintiff's claims against Clinica Sierra Vista in *Wheeler v. Clinica Sierra Vista* (Case No. 1:12-cv-00286-AWI-JLT), it is necessary to determine whether the doctrine of res judicata bars Plaintiff from proceeding on claims of violations of 42 U.S.C. §§ 1981, 1983 and discrimination in public accommodations under 42 U.S.C. §§ 2000a, *et seq*.

Significantly, Plaintiff raises the *precisely the same* factual allegations and the same causes of action as those in *Wheeler v. Clinica Sierra Vista*.[4] In *Wheeler v. Clinica Sierra Vista*, the Court and

---

[4] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333

determined:

> Plaintiff fails to demonstrate the defendants acted with a specific discriminatory intent, as required by 42 U.S.C. §§ 1981, 1983, and 2000a. Rather, Plaintiff provides only the conclusion he was referred to urgent care facilities and had to wait to see a doctor because he is white, and the staff at Clinica Sierra Vista are not. Moreover, Plaintiff fails to demonstrate causal relationship between the defendant's conduct and the injury allegedly suffered.

(Case No1:12-cv-00286-AWI-JLT, Doc. 4 at 8). Because Plaintiff failed to state a claim, the Court recommended the complaint be dismissed without prejudice. (*Id.*) The recommendation was adopted in full on April 18, 2012, and judgment entered accordingly. (Case No1:12-cv-00286-AWI-JLT, Doc. 4 at 8, Docs. 11-12). Because, the Court "analyze[d] the facts and legal claims in the complaint to determine if the plaintiff has alleged a cause of action," the "dismissal for failure to state a claim" is considered a judgment on the merits to which the doctrine of res judicata applies. *Stewart v. United States Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). Thus, the first two elements are satisfied, because there is an identity of claims, and there was a final judgment on the merits.

Although the defendant named in the complaint was Clinica Sierra Vista, the Court informed Plaintiff the proper party in the action was the United States. (Case No. 1:12-cv-00286-AWI-JLT, Doc. 4 at 4). Significantly, where "two parties so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007) (finding new defendants, employees of the state department of health services, were in privity with the department, a named defendant in the previous action). Likewise, a claim against Clinica Sierra Vista serves as a claim against the United States. Thus, there is privity between the parties.

## VI.   FINDINGS AND RECOMMENDATIONS

Although Plaintiff alleges compliance with the Federal Tort Claims Act, he has failed to comply with the FTCA as to events that occurred after February 14, 2012. Likewise, he has failed to allege

---

(9th Cir. 1993). The Court's docket is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980). Therefore, judicial notice is taken of the complaint filed in *Wheeler v. Clinica Sierra Vista,* Case No1:12-cv-00286-AWI-JLT.

facts sufficient to support a claim for medical malpractice. In addition, because there is an identity of claims, the Court entered a final judgment on the merits, and privity between Clinica Sierra Vista and the United States, the doctrine of res judicata bars re-litigation of Plaintiff's claims for violations of 42 U.S.C. §§ 1981, 1983, and §§ 2000a, *et seq*. Finally, though Plaintiff's earlier action was dismissed without prejudice, he refiled this current action despite that he did not cure the deficiencies noted in the earlier order.

Based upon these facts, it does not appear the deficiencies can be cured by amendment. Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint. *See Lopez*, 203 F.3d at 1130 (requiring leave to be granted to the extent deficiencies can be cured by amendment).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) be **DENIED**; and
2. Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 4, 2012**                           **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE